[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12593

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KLAYVON DEON JOHNSON,
a.k.a.
Klayvon Johnson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

2                    Opinion of the Court                    21-12593

D.C. Docket No. 1:20-cr-20145-FAM-1

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Klayvon Johnson appeals the 48-month sentence imposed by the district court after he pled guilty to being a felon in possession of a firearm and ammunition. Mr. Johnson argues that the district court's 18-month upward variance above the top end of the applicable Sentencing Guidelines range of 24 to 30 months was substantively unreasonable. After review of the parties' briefs and the record, we affirm.

I

A

On March 10, 2020, Mr. Johnson was indicted on one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He faced a statutory maximum sentence of 10 years.

Mr. Johnson pled guilty on May 12, 2021. As part of his guilty plea, he agreed to the following facts.

On January 17, 2020, Miami Gardens Police Department detectives stopped Mr. Johnson for operating a vehicle with illegally tinted windows. During a lawful pat-down, a Miami Gardens detective found a black Smith & Wesson firearm in Mr. Johnson's waistband. The firearm, which was previously stolen, contained

12 live rounds of .9 millimeter caliber ammunition in the magazine and one in the chamber.

A lawful search of Mr. Johnson's vehicle yielded a plastic bag with four grams of marijuana, a plastic bag containing nine grams of Percocet pills, 21 unidentified prescription pills in a labeled pill bottle, 47 prescription Ibuprofen pills in a labeled pill bottle, four prescription Metronidazole pills in a labeled pill bottle, and $742 in cash. None of the labeled prescription pills were issued to Mr. Johnson.

Mr. Johnson previously had been convicted of a felony offense. Specifically, Mr. Johnson was convicted for carrying a concealed firearm in state court and for possession of a firearm by a convicted felon in federal court. When Mr. Johnson possessed a firearm and ammunition on January 17, 2020, he was on supervised release in the federal case, and he knew that he was a convicted felon.

## B

A probation officer prepared a presentence investigation report ("PSR"). The PSR recommended a guideline imprisonment range of 37 to 46 months based on a total offense level of 17 and a criminal-history category of IV. In calculating the offense level, the PSR set the base offense level at 14. The PSR then added two levels because the firearm was stolen, and four levels because Mr. Johnson was in possession of Percocet with intent to sell or deliver.

Finally, the PSR applied a three-level reduction for acceptance of responsibility.

The PSR also described Mr. Johnson's criminal history, which involved several gun-related offenses.  According to the PSR, Mr. Johnson's criminal-history category of IV was based on eight criminal history points resulting from two convictions.

Mr. Johnson's first conviction, in state court, was for carrying a concealed firearm and resisting an officer without violence when he was 17 years old.  As a result of this conviction, he was sentenced to six months' supervised release and had to pay a fine and court costs.  A couple of months after his sentence, however, Mr. Johnson's supervised release was revoked because he failed to comply with the conditions of his supervised release by leaving Miami-Dade County without permission and getting arrested for dealing in stolen property and carrying a concealed firearm.  Mr. Johnson's state conviction earned him three criminal history points.

Mr. Johnson's second conviction, in federal court, was for possession of a firearm and ammunition by a convicted felon when he was 25 years old.  Mr. Johnson was sentenced to 32 months' imprisonment, three years of supervised release, and a special assessment.  This federal conviction also earned him three criminal history points.

21-12593            Opinion of the Court            5

The PSR further explained that Mr. Johnson earned two additional points because he committed the instant offense while he was on supervised release for his last conviction.

Finally, the PSR noted Mr. Johnson's other possible criminal conduct, which included arrests since he was 17 years old.  Specifically, those prior arrests included (1) possession of cannabis on April 21, 2008; (2) first degree murder and attempted felony murder on December 28, 2008; (3) discharging of a firearm in public, felon in possession of a firearm, and throwing a deadly missile on March 18, 2013; (4) dealing in stolen property and carrying a concealed firearm on March 18, 2013; (5) solicitation of prostitution services on March 26, 2015; and (6) felon in possession of a firearm, aggravated assault with a firearm, and discharge of a firearm in public on July 5, 2016.

Mr. Johnson objected to the PSR's four-level enhancement related to the possession of controlled substances at the time of the offense.  According to Mr. Johnson, he was merely the driver of the vehicle, not its owner, and none of the pills—the Percocet pills found in the center console, the Ibuprofen prescription bottle, or the Metronidazole bottle—belonged to him.  Therefore, Mr. Johnson asked the district court to reject the portion of the PSR calling for a four-level enhancement and argued that his sentencing guideline range should be 24 to 30 months of imprisonment.  The government did not file any objections to the PSR or respond to Mr. Johnson's objection.

C

At the sentencing hearing, the government explained that it was not seeking the four-level enhancement to Mr. Johnson's base offense level based on the possession of the controlled substances at the time of the offense. Given this concession by the government, the district court asked the probation officer to "delete the four-level enhancement" in paragraph 13 of the PSR and noted that Mr. Johnson's new offense level was 13. *See* D.E. 41 at 5. The district court noted that the criminal history category remained the same, but the sentencing guideline range decreased from 37 to 46 months to 24 to 30 months.

Mr. Johnson argued to the district court that he should receive the "bottom of the guidelines" because that was the stipulation in his plea agreement, and because he would be given a consecutive sentence in his pending violation of supervised release. *See id.* at 7. In addition, Mr. Johnson argued for the low end of the advisory guidelines because he grew up in Miami-Gardens and that was in the "best interest" of his wife, child, and mother. *See id.* at 17. Mr. Johnson explained that while he was out of prison, he was employed as a machine repairman, worked on getting his GED, and was doing community service hours. Mr. Johnson also personally addressed the district court and apologized to the court and to his family. He said he just wanted "to move" and have a "new start." *Id.* at 22. Mr. Johnson admitted that he "carried the firearm," acknowledged that it was "wrong," and understood that

there is "a punishment for it." *Id.* The government did not make any argument at sentencing.

After hearing and considering the arguments presented, and applying the factors set out in 18 U.S.C. § 3553(a), the district court sentenced Mr. Johnson to 48 months of imprisonment, three years of supervised release, and a $100 special assessment. The district court explained that a "higher sentence" was necessary to "protect the public." *Id.* The district court specifically observed that it was "bothered" that Mr. Johnson had a firearms offense for which he was placed on supervised release by a state court judge, and that he also had another firearms offense in federal court for which he received "32 months' imprisonment." *Id.* The district court concluded by stating that four years "may prevent [Mr. Johnson] from [having guns] during that time." *Id.* at 23.

In arriving at Mr. Johnson's sentence, the district court declined to consider Mr. Johnson's arrests for possession of marijuana, first degree murder and attempted felony murder, and solicitation of prostitution. *See id.* at 9, 18, 14. The district court explained that the "problem" it had in giving Mr. Johnson the bottom of the advisory guidelines was "[a]ll these guns [sic] things," referring to Mr. Johnson's prior gun-related offenses. *See id.* at 15. Indeed, the district court said it was a "repeated crime." *Id.* at 19. At the end of the hearing, the district court entered the judgment in the case and completed a statement of reasons form marking the applicable § 3553(a) factors and noting the reasons for the upward variance.

## II

Mr. Johnson argues that the upward variance to 48 months was "substantively unreasonable" because the district court "focused exclusively" on his criminal history, which had already been taken into consideration by the Sentencing Guidelines.  *See* Appellant's Br. at 12.  In response, the government contends that "there is nothing wrong" with varying upward based on Mr. Johnson's criminal history even if the Sentencing Guidelines already address that factor.  *See* Appellee's Br. at 15.

## III

### A

We review the substantive reasonableness of a sentence for abuse of discretion.  *See Gall v. United* States, 552 U.S. 38, 51, (2007).  In conducting that review, we examine the "totality of the circumstances, including the extent of any variance from the [g]uidelines range," but we cannot presume that a sentence outside of that range is unreasonable.  *See id.*  We must give "due deference" to the district court's "decision that the § 3553(a) factors, on a whole, justify the extent of the [variance].  The fact that [we] might have reasonably concluded that a different sentence was appropriate is insufficient to justify reversal[.]"  *Id.*  The party challenging the sentence bears the burden of establishing that it is unreasonable.  *See United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018).

When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances, including "whether

the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). We have also explained that "[a] sentencing court is not required to incant the specific language used in the guidelines or articulate its consideration of each individual § 3553(a) factor, so long as the record reflects the court's consideration of many of those factors." *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (internal quotation marks omitted) (quoting *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010)).

Mr. Johnson's sentence is not substantively unreasonable. The record demonstrates that the district court considered the evidence and arguments presented and properly weighed the § 3553(a) factors. The district court considered Mr. Johnson's family support, his employment history, his pursuit of a GED, and his voluntary community service hours. The district court gave Mr. Johnson an opportunity to personally address the court to express his regret and his desire to relocate to a different city and start fresh. The district court also acknowledged the presence of Mr. Johnson's family in the courtroom.

The district court specifically declined to consider Mr. Johnson's arrests for possession of marijuana, first degree murder and attempted felony murder, and solicitation of prostitution. The district court, however, explained that it was "bothered" by Mr. Johnson's history of unlawfully possessing firearms and the lack of deterrence from a prior 32-months' imprisonment sentence for a firearms-related offense, which according to the district court, was

"actually higher than the guidelines [it] [had] found[.]" D.E. 41 at 22. Indeed, Mr. Johnson had committed the current firearms offense while on supervised release for a similar firearms offense. The district court, therefore, explained that "a higher sentence [was] necessary to protect the public." *Id.*

Moreover, in its statement of reasons, the district court noted various reasons for its 18-month variance from the top end of the advisory guidelines. First, the 18-month variance was imposed "[t]o reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense (18 U.S.C. § 3553(a)(2)(A))." *See* PSR 2d Attachment (Statement of Reasons) at 3. Second, the variance was imposed "[t]o afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)B))." *Id.* Third, the variance was imposed "[t]o protect the public from further crimes of [Mr. Johnson] (18 U.S.C. § 3553(a)(2)(C))." *Id.* Finally, the district court stated that the "basis for [the] variance" was due to "recent repeated similar prison offense [and] being on supervised release on the identical crime." *Id.*

We conclude that the 48-month sentence imposed by the district court was reasonable in light of all the circumstances presented, considering that 48 months (4 years) was well below the 10-year statutory maximum that Mr. Johnson faced, "which is a consideration favoring its reasonableness." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1257 (11th Cir. 2015). As such, we hold that the district court did not abuse its discretion in sentencing Mr. Johnson. *See Riley*, 995 F.3d at 1279 (affirming a sentence of 70

months, which was 52 months above the top end of the advisory guideline range of 12 to 18 months, as substantively reasonable in a case where the defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)).

## B

Mr. Johnson takes issue with the district court's emphasis on his criminal history and argues that the district court improperly "focused only" on that history, "a factor already taken into consideration by the sentencing guidelines." Appellant's Br. at 15. We are unpersuaded by Mr. Johnson's argument.

It is well established in this Circuit that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). "And discretion in weighing sentencing factors is particularly pronounced when it comes to weighing criminal history." *Riley*, 995 F.3d at 1279. The fact that the district court afforded more weight to some aggravating factors, including Mr. Johnson's criminal history, does not mean that it abused its discretion. *See Rosales-Bruno*, 789 F.3d at 1254 ("[T]he sentencing court is permitted to attach 'great weight' to one factor over others.") (quotation marks omitted).

In any event, and contrary to Mr. Johnson's argument, the district court did not focus only on one § 3553(a) factor—his criminal history. Mr. Johnson's extensive criminal record, which contained various gun-related offenses, was pertinent to the district

court's assessment of several § 3553(a) factors. *See Riley*, 995 F.3d at 1280 ("[W]hen a court chooses to give 'substantial weight' to a defendant's criminal record, that choice is 'entirely consistent with § 3553(a)' because five of that section's factors are related to criminal history."). *See also Rosales-Bruno*, 789 F.3d at 1263 (placing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history).

In sum, we reject Mr. Johnson's argument that the district court committed a clear error of judgment in focusing on his criminal history.

## IV

We affirm Mr. Johnson's sentence.

**AFFIRMED.**